### NATHAN HUTCHINS *vs.* CITY OF BOSTON.

TORT to recover damages for a personal injury sustained by reason of a defective highway.

At the trial in this court, before *Chapman*, J., it was admitted that Gridley Street, where the accident occurred, was one of the public streets of said city There was evidence tending to prove that there was ice upon the sidewalk, rounding in the middle, and sloping towards the side of the walk, caused by snow and rain falling and freezing thereon, and that the ice had been there twenty-four hours; that the plaintiff had very frequent occasion to pass over and by the sidewalk, and knew its condition, prior to the time of his alleged injuries; that at the time of receiving his said injuries he was taking packages of merchandise, weighing fifty or sixty pounds each, from a store, and loading them upon his sled; that he had carried out and loaded two of the said packages, taking them singly, and passing over the ice in question twice in loading each package; and that he was carrying out the third package, when he slipped, fell, and received the injuries complained of; that he was engaged in his ordinary business of teaming; and that there was no way of access to the store except over the ice.

Upon this evidence, the defendants requested the court to rule and instruct the jury as follows:

1. That if the slippery condition of the sidewalk was caused solely by the natural falling and freezing of snow upon the sidewalk, and not in any part by any fault or defect in the construction of the sidewalk, the plaintiff was not entitled to recover.

2. That the plaintiff, seeing and knowing the condition of the sidewalk, was not in the exercise of due care in thus passing over it, and therefore was not entitled to recover.

But the presiding judge refused so to rule, but, on the contrary, did rule and instruct the jury as follows :

1. That if the sidewalk was slippery, so as to be unsafe or inconvenient to travellers, by reason of ice thereon, and if the ice had existed twenty-four hours or longer, and if there was no other way of access to the store, the defendants were responsible for it, whatever might have been the original cause of the ice.

2. That it was a question for the jury to determine whether, under the cir- cumstances proved, the plaintiff was using due care.

Whereupon the jury found a verdict for the plaintiff, for $800 damages ; and the defendants alleged exceptions.

*J. P. Healy & C. H. Hill*, for the defendants.

*L. Child & L. M. Child*, for the plaintiff.

BY THE COURT. The instructions asked by the defendants were properly refused. A mass of ice upon a sidewalk may, from its size and shape, constitute an obstruction or defect in the way, although not caused by any fault or defect in the construction of the sidewalk. The second instruction assumed a fact upon which the jury were to pass ; namely, that the plaintiff knew and saw the con- dition of the sidewalk, so that he was not in the exercise of due care in passing over it.

But in the instructions given, we understand the court to have in substance ruled, that the mere fact that the sidewalk was slippery with ice, if in the opin- ion of the jury it was thereby rendered unsafe or inconvenient for travellers, and if the ice had existed for twenty-four hours, would establish the existence of a defect in the way for which the city was responsible. This ruling, for reasons fully stated in the recent case of *Stanton* v. *Springfield*, we think cannot be supported.                                        *Exceptions sustained.*

A similar decision was also made in the following case from Middlesex, argued in January 1867.